## KEEBLE v. BLACK.

It is not error to refuse to give a charge which has been already substantially given, where the record does not disclose any accompanying circumstances calculated to mislead the jury.

Where the defendant had purchased a crib of corn at so much a bushel, the quantity to be left to the opinion of a third person, without measurement, and had received the corn on the estimate of such third person, and used it: *Held*, That in the absence of fraud or misrepresentation the estimate was conclusive.

Where the jury, having retired, return and receive additional charges from the court, *it seems* either party may submit further charges in writing, as in the first instance.

The rule of law ought to be now well understood that the defense will be confined to the matter alleged in the answer.

Appeal from Walker.

*Yoakum*, for appellant.

*J. B. Jones*, for appellee.

LIPSCOMB, J. This suit was brought in the court below by the appellee, Black, against the appellant, on a note given for rent and for one thousand bushels of corn alleged to be sold by the plaintiff, for which defendant promised to pay fifty cents per bushel. Some other articles were also alleged to have been sold, but need not be noticed, as the whole contest in the court below seems to have arisen about the quantity of corn.

[70] There were two special matters of defense set up by the defendant: First, that the plaintiff, after having rented the plantation to defendant, removed the gin-stand and mill-stones and other fixtures from the plantation, whereby defendant was injured greatly, and prays to have the amount of such injury set off against the amount promised to be paid for the rent as a credit. It is not necessary to remark on this defense, as it seems to have been abandoned; at any rate, there does not appear to have been any evidence given to support it. The second special defense sets up that defendant had been deceived by the misrepresentations of the plaintiff as to the quantity of land, averring that it was less by forty acres than represented by plaintiff, and claims a deduction of $40 for the deficiency. No evidence was introduced in support of this defense.

The court charged the jury, at the request of the defendant's counsel, "that "the jury will estimate the quantity of corn from all the proof, and determine "therefrom, as near as they can, the actual quantity of corn sold. If the jury "believe from the proof that a third person was to ascertain the amount of "corn in the lot purchased, the party purchasing would not be absolutely "bound by his guessing at the quantity."

The counsel for the defendant asked the court to charge the jury "that an "agreement by a party purchasing corn in the *bulk*, to abide by whatever a "third party may guess it to be, does not estop such party from proving the "actual quantity of corn in the lot so purchased." This charge the court refused to give, and the defendant excepted.

After giving the charge prayed, it is not perceived what advantage it could have been to the party to give this last charge prayed, because the first had given him all that he could have claimed under this, as the jury were directed to ascertain as near as they could, from the whole evidence, the amount of the corn sold. This, perhaps, was the reason that operated on the court in rejecting or refusing to give the charge asked. Or it may have been a still stronger reason. If the party had agreed to abide by the opinion of a third party,

35

---

and received the corn on such estimate, he certainly would, in the absence of fraud or misrepresentation, have been bound by his agreement, more especially after having used the corn.

It seems that the jury, after they had retired, returned again into court, and the judge repeated a part of his charge that had been given to them again; at which time defendant's counsel requested the court to charge the jury, "If a "third person forms his estimate of the quantity of corn from what the vendor "represents as to the article, then if such representation turns out to be un- "true, the estimate is not binding," which charge the court refused to give, and the defendant excepted.

If the person selected by the parties to determine the quantity of corn had been deceived by the misrepresentation of the plaintiff, such matter should have been specially alleged in the answer. The *probata* must conform to the · *allegata*, and there was no such defense alleged in the answer; the charge was properly refused by the court, The rule of law ought now to be well understood that the defense will be confined to the matter alleged in the answer. There is no error perceived in refusing to give the charge prayed for by the defendant. He seems to have been allowed altogether as much latitude in his defense as could possibly have been allowed under his answer.

Judgment affirmed.

